IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JACK KEITH BELL, III,                        §
                                             §
                        Plaintiff,           §
                                             § Civil Action No. 3:13-CV-1846-D
VS.                                          §
                                             §
GENERAL AMERICAN LIFE                        §
INSURANCE COMPANY,                           §
                                             §
                        Defendant.           §

MEMORANDUM OPINION
AND ORDER

Plaintiff Jack Keith Bell, III's ("Bell's") January 28, 2014 motion for leave to file plaintiff's

first amended complaint turns on whether the court should allow Bell to amend so that he can make

a timely jury demand.  Because the court concludes that a jury trial should be allowed in this case,

it grants Bell's motion.*

Bell moves for leave to amend on two grounds: he wishes to have a trial by jury, and he

wishes to file an amended complaint that contains more factual detail than does his complaint.  His

motion addresses the four-factor test for amending the scheduling order under Fed. R. Civ. P.

16(b)(4) and the factors for determining whether to grant a Rule 39(b) motion for a jury trial.

Defendant General American Life Insurance Company ("General American") opposes Bell's motion

on the grounds that he repeatedly failed to make a jury demand and failed to move for leave to

amend by the court-ordered deadline and until after General American's discovery motion was

_____

*Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

resolved.  It also maintains that Bell has failed to file a motion under Rule 39(b) itself.  In reply, Bell

maintains that his motion should be treated as one filed under Rule 39(b).

Because Bell's motion addresses Rule 39(b), General American has had a fair opportunity

to address the factors that are relevant to such a motion, and the essence of Bell's motion is a motion

for a jury trial, the court treats Bell's motion as moving for a jury trial on an issue on which a jury

trial might have been demanded.  The decision to grant an untimely motion for a jury trial is

discretionary with the district court.  *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653-54 (5th Cir. 1984).

"In this circuit, a district court generally should grant a Rule 39(b) motion to permit a jury trial 'in

the absence of strong and compelling reasons to the contrary.'"  *Id.* at 654 (quoting *Swofford v.

B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964)).  "But it is not an abuse of discretion to deny a Rule

39(b) motion 'when the failure to make a timely demand for a jury trial results from mere

inadvertence on the part of the moving party.'"  *Id.* (quoting *Bush v. Allstate Ins. Co.*, 425 F.2d 393,

396 (5th Cir. 1970)).

The following factors guide the court in considering whether to grant or deny the motion:

(1) whether the case involves issues that are best tried to a jury; (2) whether granting the motion

would disrupt the court's schedule or that of the adverse party; (3) the degree of prejudice to the

adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the

movant's tardiness.  *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir.

1990) (citing Eleventh Circuit factors).

Having considered the factors, the court grants Bell's motion.  The first factor is neutral.

This case involves questions of law for the court (such as contract interpretation) and questions of

fact (such as contractual performance).  Bell has not shown that the fact questions are "best" tried

to a jury, but the court cannot say that they are not.

Second, the trial is set for the October 20, 2014 two-week docket, and granting the motion will not disrupt the court's schedule.  The court does not separately establish "jury" and "nonjury" dockets.  It is a simple process in a populated area, as is the Dallas division of this court, to summon jurors for a regular trial docket like the one in question.  This factor favors granting the motion.

General American essentially concedes the third factor.  D. Resp. 9 ("General American concedes that allowing Bell to now request a jury will not . . . result in significant prejudice to General American at this time.").

The fourth factor—the length of delay in having requested a jury trial—and the fifth factor—the reason for the movant's tardiness—weigh against granting a jury trial.

This court does not simply tally the factors when deciding a Rule 39(b) motion and see whether more factors favor granting or denying the motion.  Instead, it considers all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury.  *See Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 880 (5th Cir. 1991) (Clark, C.J., dissenting) ("Federal Rules of Civil Procedure 38 and 39 preserve and embody the right to a trial by jury as guaranteed by the Seventh Amendment.").  In the absence of strong and compelling reasons to the contrary, it exercises its discretion to grant a motion for jury trial under Rule 39(b).  In this case, although Bell has clearly been tardy is requesting a jury, there is no strong and compelling reason to deny a jury trial.  The court therefore grants Bell's motion for leave to amend so that he can exercise his right of trial by jury.

\* \*

Accordingly, the court grants Bell's motion for leave to file first amended complaint.  He must file his first amended complaint—electronically or on paper—within seven days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

March 3, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE